## INTERSTATE MOTOR FREIGHT CO. v. GIRARD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Charles T. Rich, Cleveland, for Freight Co.

Wertz & Breitenstein, Cleveland, for Girard.

SULLIVAN, P. J.

### NEGLIGENCE.

(370 C2) "Contributory negligence" bars recovery when it proximately contributes to the infliction of the injury, but plaintiff's negligence is not a bar where damage is due to some unexpected event, which could not reasonably have been anticipated.

(370 O) Whether plaintiff was in exercise of ordinary care at time of injury must be determined by considering his situation at the time, and mere errors in judgment in attempt to escape imminent danger brought about by defendant's negligence do not necessarily constitute "contributory negligence."

(370 O) To determine whether person injured is in exercise of ordinary care, excitement, confusion, and danger of situation must be taken into consideration.

### AUTOMOBILES.

(50 Nc) Contributory negligence of driver of taxicab who had proceeded forward beside street car trailer, and was struck by defendant's truck and trailer running wild down hill at excessive speed because of defective brakes, held, under evidence, for jury in action for injuries.

### NEGLIGENCE.

(370 O) If, in action for injuries, there is any reasonable foundation for plaintiff's conduct warranting inference that plaintiff at time of injury was exercising ordinary care, contributory negligence is question to be submitted to jury, though foundation for plaintiff's conduct is repugnant to other testimony in the case.

### TRIAL.

(590 Da) If there is any credible evidence in record which sustains verdict, reviewing court cannot set it aside, though reviewing court itself might have found differently on the facts, and verdict and judgment can be reversed only as matter of law on ground that they are clearly against evidence.

### AUTOMOBILES.

(50 A291) In action by taxicab driver for injuries resulting from collision with defendant's truck, which ran wild down hill, evidence held sufficient to sustain verdict for plaintiff's recovery.

### TRIAL.

(590 V2a) $3,500 damages to taxicab driver for injury to spine, resulting in two weeks' confinement in hospital and two months' confinement in his home, held not excessive under conflicting evidence as to whether permanent spinal injuries or mere injury to accessory ribs was involved.

(Vickery & Levine, JJ., concur.)

HISTORY:—Action in Common Pleas by Girard v. Motor Freight Co. for personal injuries. Judgment for plaintiff. Defendant prosecutes error. Affirmed. No action in Supreme Court prior to date of this publication.

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## GEO. J. KIEBLER REALTY CO. v. MILLER

Ohio Appeals, 6th Dist., Lucas Co.

Seeley & Wolfe, Toledo, for Realty Co.

Stephen Brophy, Toledo, for Miller.

WILLIAMS, J.

### REAL ESTATE.

(510 C3) Agreement for sale of real estate, executed by purchaser and president of corporation formed for the purpose of buying, selling and dealing in real estate, subject to provisions of 8648-8650 GC., held to constitute a valid, subsisting, and enforceable contract, sufficient in law to be binding on both parties.

### CORPORATIONS.

(160 D2) Deed of corporation, which is in due form, carries with it a presumption of authority for its execution.

(160 Oa) Where president of corporation under regulation adopted by stockholders was expressly authorized to sign deeds and similar papers, such authorization carried with it power to have his own signature acknowledged before notary public and to perform other things incidental to signing and complete execution thereof.

(Richards and Lloyd, JJ. concur.)

HISTORY:—Action in Common Pleas by Realty Co. v. Miller for specific performance of contract for sale of real estate. Prayer of petition denied. Plaintiff appealed. Decree for Plaintiff. No action in Supreme Court prior to date of this publication.

For reference to full opinion, see Omnibus Index, last page this issue.